## Chicago & Alton Railroad Company v. Joseph Klaybolt.

1. VERDICT—*when, set aside.* Notwithstanding there may be evidence tending to prove all that is required to warrant a recovery, still where the verdict is so manifestly against the weight of the evidence as to make it apparent to the court that it was not the result of the impartial and honest judgment of the jury, but must have resulted from mistake, partiality, prejudice, passion or some improper motive or conduct, it is the duty of the court to set aside the verdict and award a new trial.

Action on the case for personal injuries. Appeal from the City Court of Alton; the Hon, JOHN B. VAUGHN, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

CHARLES P. WISE, for appellant.

JOHN F. McGINNIS, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in the City Court of Alton, by appellee against appellant, to recover damages resulting from a personal injury to appellee, and for damages to his wagon sustained by appellee, while attempting to cross appel-

lant's railroad track. Trial by jury. Verdict and judgment in favor of appellee for $500.

Appellant's railroad track runs along the center of Piasa street and across Third street, in the city of Alton. Appellee was driving a sprinkling wagon, sprinkling the streets in the vicinity of the crossing of Piasa and Third streets, and was struck by a backing train as he was attempting to drive across the railroad track.

The issues of fact involved in this case are, as to the negligence of appellant and due care and caution of appellee. To warrant a recovery, it devolved upon appellee to prove by a preponderance of the evidence, not only that appellant was guilty of the negligence charged, and that such negligence contributed to his injury, but that he was not at the time guilty of any negligence on his part which contributed thereto.

While we do not feel warranted in holding that there is no evidence in this record tending to prove appellee's case, still the state of the evidence as to appellee's conduct on the occasion of his injury is such, in our judgment, as to clearly bring the case under the rule expressed in St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40 (48). We there said: "It is true that although there may be evidence tending to prove all that is required to warrant a recovery, still, where the verdict is so manifestly against the weight of the evidence as to make it apparent to the court that the verdict was not the result of impartial and honest judgment of the jury, but that it must have resulted from mistake, or from partiality, prejudice, passion, or some improper motive or conduct, it is the duty of the court to set aside the verdict and award a new trial."

As this case may be tried again we deem it improper to further discuss the evidence here.

The judgment of the City Court of Alton is reversed and the cause remanded.

*Reversed and remanded.*